IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANET MALARET-SEPULVEDA<br>Plaintiff<br>vs<br>SAMER A. COLLAZO-PEREZ; ERASMO GARCIA-TORRES; JUAN MOLINA-PEREZ; RAMON CARABALLO-DENISA; HILARIO MARRERO-RIVERA; JOSE FIGUEROA-SANCHA, and others<br>Defendants | CIVIL 13-1057CCC |

**ORDER**

Plaintiff Janet Malaret-Sepúlveda filed this 42 U.S.C. § 1983 action on January 25, 2013 against several police officers and the then Police Superintendent seeking inherited damages for their alleged violation of her father and brother's civil rights during the execution of a search warrant. See docket entry 1. The former Police Superintendent, defendant José Figueroa-Sancha (Figueroa), has moved for dismissal of the claims filed against him averring that they are time-barred as more than one year elapsed since the date of the alleged wrongful acts -- September 29, 2010 -- and the complaint's filing, and no allegation was made therein that the one-year statute of limitations was tolled by any legally recognized means. See docket entry 12.

In her opposition to the dismissal motion (docket entry 18), plaintiff has asserted that on September 28, 2011 she originally filed a complaint together with her now deceased brother against current defendant Samer A. Collazo-Pérez (Collazo) and other unknown defendants, Civil No. 11-1955(JAF), which on January 26, 2012 she moved to voluntarily dismiss upon the sudden death of her co-plaintiff brother. She also informs having filed suit against the Commonwealth of Puerto Rico in the local courts, although no dates are provided for said filing. In any event, she posits that her prior federal case, filed before expiration of the applicable statute of limitations, tolled that term, and that this subsequent

CIVIL 13-1057CCC                                    2

action is timely since it was filed within one year of her moving for the dismissal of said case. Figueroa replied (docket entry 19-1)[1] by contending that plaintiff's first federal case, by not including him as a named defendant, failed to toll the statute of limitations as to him in his personal capacity.  While he recognizes that the inclusion of one of various tortfeasors in a civil lawsuit ordinarily tolls the statute of limitations as to others if they are jointly liable, he avers that there is no joint liability in the context of a § 1983 action and, as such, the inclusion of Collazo in the 2011 complaint was not enough to extend the tolling effect of that filing to him.

We start by reviewing the basic tenets of law that govern the disposition of Figueroa's dismissal motion.  Since State law statutes of limitations govern suits in federal courts arising under § 1983, see Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790 (1980), Puerto Rico law establishes a one year prescription period for the claims in this case.  See 31 L.P.R.A. § 5298; Rodríguez-Narváez v. Nazario, 895 F.2d 38, 41-42 (1st Cir. 1990).  This one-year period begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury.  See Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. 1997).  The tolling of the statute of limitations is also governed by State law.  See Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990). Under Puerto Rico law, specifically 31 L.P.R.A. § 5303, the filing of a lawsuit tolls the limitations period.  See, e.g., Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 407 (1st Cir. 2009).  If the plaintiff voluntarily dismisses the suit without prejudice, the limitations clock resets and "run[s] anew from th[at] date."  See Rodríguez–García v. Municipality of Caguas, 354 F.3d 91, 96–97 (1st Cir. 2004); accord Rodríguez, 570 F.3d at 407.  Also, the earlier suit will toll the limitations period as to a later-filed suit if the two suits allege "identical" causes of action.  See, e.g., Rodríguez, 570 F.3d at 409.  And tolling a statute of limitations

---

[1] Figueroa's Motion for Leave to Reply (**docket entry 19**) is hereby GRANTED, and the tendered reply brief (docket entry 19-1) is authorized and ORDERED FILED.

CIVIL 13-1057CCC                                3

against one defendant tolls it against all "solidarily liable" defendants -- "solidarily liable" being a civil-law concept that is a close cousin to the common-law doctrine of "joint and several liability." Tokyo Marine & Fire Ins. Co., v. Pérez & Cía., de Puerto Rico, Inc., 142 F.3d 1, 4 and n. 1 (1st Cir. 1998).  Finally, and contrary to Figueroa's blanket assertion that "individual defendants in the[ir] personal capacities cannot be considered jointly liable with the State or with other co-defendants within the context of § 1983 claims" (Reply brief, at p. 3), the Court of Appeals has expressed that joint tortfeasor liability may occur under section 1983.  Wilson v. Town of Mendon, 294 F.3d 1, 15 (1st Cir. 2002).  It explained, however, the particular circumstances under which such joint tortfeasor liability may be triggered:

> A constitutional duty to intervene may . . . arise if onlooker officers are instrumental in assisting the actual attacker to place the victim in a vulnerable position . . . .  In such a scenario, the onlooker officers and the aggressor officer are essentially joint tortfeasors and, therefore, may incur shared constitutional responsibility.  See generally Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961) (advising courts to read section 1983 against the backdrop of historical tort liability).

Martínez v. Colón, 54 F.3d 980, 985 n. 4 (1st Cir. 1995).  It noted, a contrario sensu, that absent the existence of a joint enterprise, joint tortfeasor liability could not be found.  Id. See also Wilson, supra.

Thus, plaintiff's initial federal complaint was timely filed, and tolled the statute of limitations as to defendant Collazo and all his joint tortfeasors, which began to run again when that suit was voluntarily dismissed by plaintiff.  This second lawsuit was also timely filed against Collazo and his joint tortfeasors.  The question boils down to whether Figueroa may be classified as one of Collazo's joint tortfeasors.

In the § 1983 context, in light of the Court of Appeals' expressions in Wilson and Martínez, the determinative factor in establishing whether Figueroa is indeed a constitutional joint tortfeasor with Collazo is whether he was a concurrent tortfeasor.  The allegations of the complaint, however, do not establish a temporal proximity between the acts imputed to

CIVIL 13-1057CCC                                                4

Figueroa, who is blamed with having knowledge of the Police Department's lack of policies and training regarding the proper use of deadly force and the execution of lawful searches and seizures but neglecting to correct said omissions, and those imputed to Collazo and the other named defendants, who were all participants in the September 29, 2010 event and are faulted with being grossly negligent in the execution of a search warrant which resulted in the detention and arrest of plaintiff's brother and the fatal shooting of plaintiff's father. Given these circumstances, Figueroa may not be properly classified as a joint tortfeasor with Collazo and the others. Thus, the initial federal complaint filed against Collazo failed to toll the statute of limitations as to defendant Figueroa. The civil rights violations asserted against him under § 1983 in this second lawsuit are, therefore, time barred.[2]

We express no opinion on whether the supplemental claim brought against Figueroa under Article 1802 of the Puerto Rico Civil Code is also time-barred, as we decline to exercise jurisdiction over said claim and now dismiss it, but without prejudice. See 28 U.S.C. § 1367; Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007).

For the reasons stated, Figueroa's Motion to Dismiss (**docket entry 12**) is hereby GRANTED. Partial judgment shall be entered DISMISSING the federal claims brought against him with prejudice, and the supplemental claim without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on January 17, 2014.

                                                                    S/CARMEN CONSUELO CEREZO
                                                                    United States District Judge

---

[2] In light of this finding, we need not address movant's alternate argument made in the dismissal motion that the claim brought against him under the Eight Amendment be dismissed since it has turned moot. In any event, we note that plaintiff had conceded in her opposition that its dismissal was proper. See docket entry 18, at p. 5.